IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

MAY 1998 SESSION



FILED

June 18, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 03C01-9709-CC-00395 |
| | ) | |
| | ) | Blount County |
| v. | ) | |
| | ) | Honorable D. Kelly Thomas, Jr., Judge |
| | ) | |
| JOHNNY K. BLANKENSHIP, | ) | (Obtaining a controlled substance by forgery) |
| | ) | |
| Appellant. | ) | |

For the Appellant:

Mack Garner
District Public Defender
419 High Street
Maryville, TN 37804
(AT TRIAL)

John E. Herbison
2016 Eighth Avenue South
Nashville, TN 37204
(ON APPEAL)

For the Appellee:

John Knox Walkup
Attorney General of Tennessee
    and
Todd R. Kelley
Assistant Attorney General of Tennessee
425 Fifth Avenue North
Nashville, TN 37243-0493

Michael L. Flynn
District Attorney General
    and
Philip Morton
Assistant District Attorney General
363 High Street
Maryville, TN 37804

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

The defendant, Johnny K. Blankenship, appeals as of right from his conviction upon a guilty plea in the Blount County Circuit Court for obtaining a controlled substance by forgery, a Class D felony.  The trial court sentenced the defendant as a Range I, standard offender to three years incarceration in the custody of the Department of Correction to be suspended and served on probation after serving thirty days in the county jail.  The trial court also imposed a five hundred dollar fine.  The defendant contends that the sentence imposed is excessive and that the trial court erred by denying full probation.  We affirm the judgment of conviction.

The record reflects that the defendant was charged with obtaining hydrocodone by forgery.  The record also reflects that the defendant entered a guilty plea to the offense, although it does not include a transcript of the guilty plea hearing at which the convicting evidence would be presented by stipulation or testimony.  A guilty plea hearing often provides an important occasion for the state to present its proof, and thus, it is the equivalent of a trial and should be made part of the record on appeal in order to comply with T.C.A. § 40-35-210.  Also, counsel's argument at the sentencing hearing is not included in the sentencing hearing transcript, a necessary consideration for imposing the specific sentence and the appropriate sentencing alternative under T.C.A. § 40-35-210(b)(3).  The defendant must prepare a transcript of the evidence as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal.  T.R.A.P. 24(b).

In any event, the sentence imposed by the trial court is justified by the record before us.  The presentence report reflects that the then forty-year-old defendant reported that he committed the offense because he was having trouble with his teeth.  He said that a man came up to him in Loudon, told him that he knew that the defendant

2

was having trouble with his teeth, and asked him if he would like to buy some painkillers for twenty dollars. The defendant stated that he agreed to the offer. He said that the man filled out a prescription in the defendant's name for twenty hydrocodone and that the man told him to go to Maryville to get the prescription filled. The defendant stated that he took the prescription to a store in Maryville and filled the prescription.

The presentence report also reflects that the defendant has a 1979 conviction for second degree burglary for which he received a sentence of three to ten years. The defendant was released on parole after serving eighteen months. The report states that the defendant claimed that he did not drink alcohol and that the only illegal drugs that he had used were those involved in this case. It reflects that the defendant stated that he took two tablets of the hydrocodone per day. The defendant claimed that he no longer used drugs, and the defendant's drug screens were negative for the presence of drugs. The presentence report states that the defendant had worked for the past seven years for the same employer and that the defendant had maintained employment with other employers previously but had been laid off from the jobs.

At the sentencing hearing, the defendant testified concerning the offense. He stated that he had problems with his teeth when the offense occurred and that he could not obtain treatment from a dentist unless he was put to sleep because he had a gag reflex. The defendant said that he did not know the man who sold him the prescription. The defendant admitted that he knew that the prescription was from Dr. Stimpson, a doctor in Loudon, but that the defendant did not go to Dr. Stimpson. He stated that he obtained ten hydrocodone pills when he had the prescription filled. The defendant said that he took one pill per day and that he had used all of the pills by the time he was arrested. The defendant claimed that this was the first time he had forged a prescription to obtain drugs.

3

The defendant conceded that he had earlier been convicted of being an accessory to burglary in 1978 or 1979. He said that Robert Oody, his brother-in-law, was also involved in the offense. He stated that his involvement in the crime was limited to giving Oody a ride to obtain a motorcycle part when Oody broke into a house. The defendant testified that he was released on parole after serving eighteen months of his three to ten year sentence and that he completed the parole without any violations.

On cross-examination, the defendant testified that Oody was present when he bought the prescription from the man and that Oody showed him where to get the prescription filled. He also conceded that he knew that he was committing a crime and that he might go to jail when he took the prescription to be filled. On redirect examination, the defendant stated that he now knew that he should not associate with Oody as Oody had stolen his van about one to two months earlier, resulting in charges being brought against Oody.

At the conclusion of the sentencing hearing, the trial court sentenced the defendant as a Range I, standard offender to three years. In sentencing the defendant, the trial court applied enhancement factor (1), the defendant had a prior criminal history in addition to that necessary to establish his range of punishment. See T.C.A. § 40-35-114(1). The trial court denied full probation and instead ordered "a 30-day split confinement." In denying full probation, the trial court stated:

> The question about how to serve this is not real easy. I mean, fifteen years working and obeying the law is worth something, but then again, as the General said, running around with the Oody's is worth something, too. Of course, you got something from that. . . . Or lost something from it.

The defendant concedes that enhancement factor (1) applies but argues that the trial court should have given little weight to the factor because the prior

4

conviction occurred in 1979, because the defendant played a minor role in the commission of the 1979 offense, and because the defendant completed his parole and had not been in trouble since the 1979 offense other than the present offense. However, the weight to be afforded an existing factor is left to the trial court's discretion so long as it complies with the purposes and principles of the 1989 Sentencing Act and its findings are adequately supported by the record. T.C.A. § 40-35-210, Sentencing Commission Comments; Moss, 727 S.W.2d at 237; see Ashby, 823 S.W.2d at 169. The weight given to factor (1) is justified by the record before us.

The defendant asserts that the trial court failed to state its findings as to the presence or absence of mitigating factors. He argues that the trial court should have considered in mitigation that he did not consume painkillers excessively, that he did not obtain the drugs for pecuniary gain through sale or distribution, that he had a good work history, and that he had not committed a crime in fifteen years. Specifically, he argues that the trial court should have applied several mitigating factors, including factors (2), (3), (7), (11) and (13). See T.C.A. § 40-35-113.

We agree that the record does not reflect the trial court's findings relating to the presence or absence of mitigating factors as required by T.C.A. § 40-35-210. See T.C.A. § 40-35-210, Sentencing Commission Comments. However, as stated earlier, the defendant failed to include the guilty plea hearing and a portion of the transcript providing the arguments of counsel relating to sentencing. It is difficult for us to give proper consideration of the application of the mitigating factors. Without a full record, we may presume that the trial court properly decided not to apply any mitigating factors. See, e.g., State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991).

Next, the defendant contends that the trial court erred by denying full probation. Initially, we note that the record before us does not reflect that the trial court

5

presumed the defendant to be a favorable candidate for alternative sentencing options. See T.C.A. § 40-35-102(6). Nor does the record before us reflect that the trial court found that the presumption in favor of alternative sentencing was overcome by evidence to the contrary. See T.C.A. §§ 40-35-102(6) and -103(1)(A)-(C). However, given the state of the record, we are unable to undertake a full de novo review as required by T.C.A. § 40-35-401(d). Thus, the defendant's claim relating to the rejection of full probation would avail him nothing in a review on the merits.

In consideration of the foregoing and the record as a whole, we affirm the judgment of conviction.

_____
Joseph M. Tipton, Judge

CONCUR:


_____
Joe G. Riley, Judge


_____
Curwood Witt, Judge

6